**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Concepcion RODRIGUEZ,**
**Defendant–Appellant.**

No. 03–5457.

United States Court of Appeals,
Sixth Circuit.

May 21, 2004.

Scott F. Leary, Asst. U.S. Attorney, Memphis, TN, for Plaintiff–Appellee.

Michael J. Stengel, Stengel Law Office, Memphis, TN, for Defendant–Appellant.

Before GUY, GILMAN, and COOK, Circuit Judges.

COOK, Circuit Judge.

A federal jury found Jose Rodriguez guilty of conspiracy to possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 846. Rodriguez appeals the district court's decision to permit jurors to review a specific English transcript of a recorded Spanish conversation and the court's failure to instruct the jury on its use of multiple English transcripts. We affirm.

I

Tennessee police interrupted a cocaine-laden van's trip from California to Georgia. The driver, who spoke only Spanish, agreed to assist law enforcement officers by completing his journey wearing a recording device. When he arrived in Atlanta he called a telephone number as the cocaine's owner instructed. Agents recorded Spanish conversations between the driver and Rodriguez. After the driver delivered the van to Rodriguez, DEA agents searched Rodriguez's apartment and garage and found drug paraphernalia, a loaded gun, more than six kilograms of cocaine, and $669,000 in cash.

At trial, the United States offered English transcripts of the recorded Spanish conversations. The court refused to admit the transcripts as evidence but allowed the jury to view the transcripts while listening to the tapes. Rodriguez objected to the accuracy of one specific transcript and, with the jury excused, the judge reviewed the transcript as the court's interpreter translated the recording. The court found the interpreter's translation "comported with what's in the written transcript" and thus decided to allow the jurors to follow all of the transcripts as the United States' interpreter-transcriber testified and the United States played the corresponding taped conversation. The bailiff collected the transcripts from the jurors as each recording concluded.

II

We review for abuse of discretion the district court's decision to permit the jury to use a transcript as an aid to the playing of a taped recording during trial. *United States v. King*, 272 F.3d 366, 372 (6th Cir.2001). In the absence of a stipulation, the district court must compare the transcript to the audiotape to determine the transcript's accuracy, *United States v. Scarborough*, 43 F.3d 1021, 1024 (6th Cir. 1994), and the transcriber must testify that she listened to the tape and accurately transcribed the audible portions. *United States v. King*, 272 F.3d 366, 374 (6th Cir.2001) (quoting *United States v. Robinson*, 707 F.2d 872 (6th Cir.1983)). The

district court here followed our guidelines in deeming the challenged transcript accurate. The court did not abuse its discretion by permitting the jury to refer to the transcript as an aid in following the recording as it played. The court did not permit the transcript to be used by the jury in deliberations. What is more, the transcript merely repeated the driver's earlier testimony about his conversation with Rodriguez and his testimony on cross-examination by defense counsel. We consider also that Rodriguez did not present the court with his own version of the transcript; relying instead on defense counsel's knowledge of Spanish to claim the transcript inaccurate and the tape inaudible. *See United States v. Garcia,* 20 F.3d 670, 673 (6th Cir.1994) (defendant cannot complain if he does not offer an alternative version).

### III

Rodriguez argues the district court should have instructed the jury on the limited purpose for which it could consider the transcripts. Rodriguez concedes he did not object to or request an instruction. Rodriguez's lack of objection limits us to plain error review. FED. R.CRIM. PROC. 30(d). We do not find plain error because the absence of a jury instruction on the use of the one disputed transcript did not seriously affect Rodriguez's substantial rights.

### IV

We affirm the decision of the district court.